WALDEN, Judge
(dissenting).
In explanation of the seemingly backward sequence of procedural events, the majority affirmed without opinion when this appeal was originally submitted. Thereupon this writer filed a full dissent as herein found.
Upon receipt of a petition for rehearing containing nothing new the majority denied it but now decides to support their original decision with a written opinion. The backwardness comes when this majority opinion undertakes, at least in part, to answer and rebut the positions of the dissent opinion. This role and right to the last word traditionally belongs to the dissenter. Regardless, respectfully and in good humor this dissenter has now noted the contents of the majority opinion and chooses to simply stand by his dissent as initially filed.
I would grant the Petition for Rehearing for the reasons stated in the dissenting opinion.
IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
JANUARY TERM 1971
VINCENT GASPARRO, etc., Appellant, v. MARJORIE HORNER et al., Appellees. March 19, 1971.
CASE NO. 70-115.
*907 ORDERED that appellant’s petition for rehearing, filed January 18, 1971, is hereby denied in accordance with the opinion filed March 17, 1971; further,
ORDERED that the opinion of this court filed January 8, 1971, is hereby certified to be one which passes upon a question of great public interest. F.A.R. 4.5(c) (6), 32 F.S.A.;
ORDERED that the question certified is as follows:
Does the four year Statute of Limitations (F.S. 95.11(4), Laws of 1964) bar the tort claim of an infant where during a critical portion of the period the infant lacks parents (natural and adoptive), a guardian, other legal representative, and where a next friend does not volunteer or evidence himself and come forward to initiate suit for the infant.